IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL DOCKET NO.: 5:13CV45-RLV

| | |
|---|---|
| CHARLES E. MOSER, ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **Memorandum & Order** |
| ) | |
| DRILLER'S SERVICE, INC., ) | |
| Defendant. ) | |
| _____) | |

**THIS MATTER** is before the court on a Motion to Dismiss by Defendant Driller's Service, Inc., filed on June 6, 2013, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, alleging failure to state a claim for which relief can be granted. (Doc. 10). Defendant timely filed a Memorandum of Law in Support of Motion to Dismiss. (Doc. 11). For the following reasons, the Court will **DISMISS** Defendant's Motion to Dismiss.

## *BACKGROUND*

The following facts are alleged in the Complaint filed by Plaintiff, Charles E. Moser ("Moser") who brought suit against Defendant, Driller's Services ("DSI") for violation of Moser's rights protected by the Age Discrimination in Employment Act, 29 U.S.C. § 621, and for wrongful discharge based on N.C.G.S. § 143-422.1 *et. seq.*

Moser began his employment with DSI on or about 1970 and remained employed until 1981. (Doc. 6, 2). Thereinafter, Moser was re-hired by DSI on August 1, 1984 and remained employed until his termination on October 12, 2012. (Doc. 6, 3). Moser worked as a Business Development Manager for Environmental and Geothermal Products at DSI's Hickory, North Carolina location. (Doc. 6, 2). Following the hiring of a new supervisor in December 2011,

Moser was subjected to "unwarranted discipline" and "changes to his job duties." *Id.* In July 2012, Moser, who was then 64 years old, was advised that his pay was being reduced, he was being moved to an "on-site" office, and that his performance in the workplace was "unacceptable." *Id.* Moser asserted that he was not aware of any "similarly situated employees" that were subjected to the same discipline, changes to job duties, or pay reductions. *Id.* In August 2013, the President for Driller's Services, Jim Inman, informed Moser that the company wanted to "find a younger person for your [Moser's] position." (Doc. 6, 3). On October 12, 2012, Moser's employment was terminated by DSI.

On October 11, 2012, Moser filed an Age Discrimination claim against DSI with the United States Employment Opportunity Commission ("EEOC"). *Id.* A copy of the EEOC charge was "sent" to DSI on the same day. *Id.* The EEOC officially received the charge on October 12, 2012, the same day that DSI terminated Moser. *Id.* The record does not reflect whether DSI had actual knowledge of the EEOC charge before Moser's termination. Moser asserts that, after his termination, his position was filled by a "substantially younger"[1] employee. *Id.* The record, however, does not reflect whether Moser's position with DSI was ever actually filled by a "substantially younger" individual. On or about January 14, 2013, the EEOC issued a Notice of Right to Sue and a lawsuit was filed within ninety (90) days of that Notice.[2]

---

[1] In *O'Connor v. Consolidated Coin Caterers Corp.*, 517 U.S. 308, 312, 116 S.Ct. 1307, 134 L.Ed.2d 433 (1996), the Supreme Court decided that replacement of an ADEA plaintiff by a "substantially younger" worker – not replacement by someone outside the ADEA's protected class - is the proper formulation of that element in the *McDonnell Douglas* prima facie case. The Court reasoned that, given that the discrimination prohibited by the ADEA is discrimination because of an individual's age, not because of the individual's membership in a protected class, the fact that one person in the protected class has lost out to another person in the protected class is irrelevant. The relevant question is whether the person in the protected class has lost out because of his age. *See id.* at 312, 116 S.Ct. 1307.

[2] An age discrimination lawsuit may be filed any time after sixty (60) days have passed from the day the charge is filed, but no later than ninety (90) days after receipt of notice that an EEOC investigation is concluded. 29 U.S.C. § 621.

On March 22, 2013, Moser filed a second claim with the EEOC alleging Retaliation under the ADEA. *Id.* Moser's second EEOC claim was denied on May 28, 2013. *Id.* Specifically, Moser's second claim asserted that his termination was motivated by the filing of his original EEOC claim in October 2012. *Id.* Moser asserts that the filing of the October 11th EEOC charge was a protected activity and that his termination was in retaliation of such filing, a violation of 29 U.S.C. § 621 *et. seq. Id.*

Based on the foregoing events, Moser pursues a claim for Age Discrimination pursuant to 29 U.S.C. § 621, a state law claim for wrongful discharge pursuant to the North Carolina Equal Employment Practices Act ("EEPA"), N.C.G.S. § 143-422.1 *et. seq*, and a Retaliation claim under the ADEA pursuant to 29 U.S.C. § 621 *et. seq.* (Doc. 6, p. 1). DSI filed the Motion to Dismiss (Doc. 10), to which Moser responded (Doc. 12, 13) and DSI replied (Doc. 14). The Court now considers the merits of Defendant's Motion to Dismiss.

## *STANDARD OF REVIEW*

A motion filed pursuant to 12(b)(6) of the Federal Rules of Civil Procedure challenges the legal sufficiency of a complaint, *Jordan v. Alternatives Res. Corp.*, 458 F.3d 332, 338 (4th Cir. 2006), measured by whether it meets the standards stated in Rule 8 (providing general rules of pleading), Rule 9 (providing rules for pleading special matters), Rule 10 (specifying pleading form), Rule 11 (requiring the signing of pleading and stating its significance), and Rule 12(b)(6) (requiring that a complaint state a claim upon which relief can be granted), *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). While a complaint need not contain detailed factual allegations, the courts require more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (applying Rule 8). Specifically, plaintiffs may proceed into the litigation process

"only when their complaints are justified by both law and fact." *Francis*, 588 F.3d 186, 193. To be justified by fact, courts must not overlook "conclusory, unwarranted deductions of fact, or unreasonable inferences," nor must the court "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." *Veney v. Wyche*, 293 F.3d 726 (4th Cir. 2002).

"Federal Rules of Civil Procedure 8(a)(2) requires only a 'short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2) and *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The decisive standard is that the combined allegations, taken as true[3], must state a "plausible," not merely conceivable, case for relief. *Sepúlveda–Villarini v. Dep't of Educ. of P.R.*, 628 F.3d 25, 29 (1st Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (citations omitted)). To have facial plausibility—a standard that lies between the outer boundaries of a probability requirement and the mere possibility of unlawful conduct—the pleading must contain factual content that permits the court, using its "judicial experience and common sense," reasonably to infer the defendant's liability. *Id.*

When ruling on a Rule 12(b)(6) motion, the Court accepts "as true all well-pleaded allegations and view[s] the complaint in the light most favorable to the plaintiff. *Phillips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). A court evaluates the complaint in its entirety, as well as "documents attached to or incorporated into the complaint. *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007) (citing Fed. R. Civ. P. 10(c)); *Phillips v. LCI Int'l Inc.*, 190 F.3d 609, 618 (4th Cir. 1999) (stating that "a court may

---

[3] The Fourth Court has recognized that a "dismissal pursuant to a Rule 12(b)(6) motion is inappropriate unless, *accepting as true the well-pleaded facts* in the complaint and viewing them in the *light most favorable to the plaintiff,* it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim." *Brooks v. City of Winston-Salem,* 85 F.3d 178, 181 (4th Cir. 1996) (quoting *Mylan Lab., Inc. v. Matkari,* 7 F.3d 1130, 1134 & n. 4 (4th Cir. 1993)) (emphasis added).

consider [a document outside the complaint] in determining whether to dismiss the complaint" where the document "was integral to and explicitly relied on in the complaint" and there was no authenticity challenge). However, the district court cannot go beyond these integral documents on a Rule 12(b)(6) motion without converting the motion into one of for summary judgment. Fed. R. Civ. P. 12(b), (d), 56.

## *DISCUSSION*

*ADEA Claim*

In the instant action, Moser first contends that his termination violated the Age Discrimination in Employment Act (the "ADEA"). (Doc. 6, 4). The ADEA sets forth that:

> [I]t shall be unlawful for an employer…to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, *because of* [4] such individual's age.

29 U.S.C. § 623(a)(1) (brackets, ellipses, and emphasis in original). In an ADEA case, the plaintiff bears the burden of proving that the defendant's adverse hiring decision[5] was motivated[6] by the plaintiff's age. *See Hill v. Lockheed Martin Logistics Mgmt., Inc.,* 354 F.3d 277, 285 (4th Cir. 2004). This can be demonstrated in one of two ways. *Id.* at 284-85. First, the plaintiff may offer direct or circumstantial evidence of a discriminatory motive.[7] *Id.* at 284; *Goldberg v. B.*

---

[4] "The words 'because of' mean 'by reason of: on account of.' ….[U]nder the plain language of the ADEA, therefore, a plaintiff must prove that age was the 'but-for' cause of the employer's adverse decision.' *Gross v. FBL Fin. Servs. Inc.*, 557 U.S. 167, 176 (2009) (quoting 29 U.S.C. § 623(a)(1)) (brackets, ellipses, and emphasis in original).

[5] An "adverse employment decision" is a tangible employment action constituting a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Burlington Indus.v. Ellerth*, 524 U.S. 742, 761 (1998).

[6] How the Court defines/treats the term "motivation" is addressed at footnote seven.

[7] "Even prior to the United States Supreme Court's decision in *Gross,* the Fourth Circuit had recognized that, in the context of the ADEA, 'motivated' meant 'but for' causation, i.e., that age 'must

*Green & Co., Inc*., 836 F.2d 845, 847 (4th Cir. 1988). Second, in the absence of such evidence, the plaintiff may move forward by proving a prima facie case through the application standards set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) (internal citations omitted); *Hill,* 354 F.3d at 285. If a plaintiff can establish a prima facie case, the burden moves to the defendant to articulate a legitimate, nondiscriminatory reason or reasons for the action taken. *See Furnco Const. Corp. v. Waters*, 438 U.S. 567, 577-78 (1978). Lastly, the burden then shifts back to the plaintiff to establish that the articulated reasons provided by the defendant were merely a pretext for discrimination and not the actual motivation[8] for the employer's action. *McDonnell Douglas*, 411 U.S. at 804.

In order to establish a prima facie case pursuant to *McDonnell Douglas,* the plaintiff must show that: 1) he is within the protected age group;[9] 2) he was discharged or demoted; 3) at the time of discharge or demotion, plaintiff was performing at a level that met his employer's legitimate expectations;[10] and 4) he was replaced by someone of comparable qualifications

---

have actually played a role in the employer's decision-making process and had a *determinative* influence on the outcome." (*Corl v. Burlington Coat Fac. of N.C., L.L.C*., No. 1:10-CV-406, 2013 WL 1465384 (M.D.N.C. 2013). (which in turn had quoted *Hill,* 354 F.3d at 286) (internal citation omitted) (emphasis added). Indeed, the Fourth Circuit had adopted this understanding of the ADEA's causation standard much earlier. *See Cline v. Roadway Express, Inc.,* 689 F.2d 481, 485 (4th Cir. 1982) ("The narrow motivational issue central to any ADEA claim…is whether the plaintiff was discharged because of his age or more precisely, whether age was a *determining* factor in the sense that *but for* his employer's motive to discriminate against him because of his age, he would not have suffered the unfavorable action." (emphasis added) (internal citations omitted). In sum, the use of the words "motivation" or "motivating" in order to describe the ADEA's causation standard in Fourth Circuit cases preceding *Gross* does not mean that such decisions lack continuing validity. *Corl,* No. 1:10-CV-406, 2013 WL 1465384.

[9] (40 or over). *Walsh v. Ciba-Geigy Corp.,* 121 F.3d 702, 2 (4th Cir. 1997).

[10] "Job performance and relative employee qualifications are widely recognized as valid, non-discriminatory bases for any adverse employment decision." *Evans v. Tech. Applications & Serv. Co*., 80 F.3d 954, 960 (4th Cir. 1996). When the legitimate expectations of an employer are at issue….both the employer and the employee may present evidence of the expectations themselves and their legitimacy. *Warch v. Ohio Cas. Ins. Co*., 435 F.3d 510, 515-17 (4th Cir. 2006). In evaluating performance, "it is the perception of the decision maker which is relevant." *Smith v. Flax*, 618 F.2d 1062, 1067 (4th Cir. 1980).

outside the protected age group. *See E.E.O.C. v. Western Elec. Co., Inc.*, 713 F.2d 1011, 1014 (4th Cir. 1983). The plaintiff must meet all four of the aforementioned requirements in order for the burden to shift to the defendant, whereupon defendant must articulate a legitimate, nondiscriminatory reason for the adverse employment action. *See St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 507 (1993). If an employer provides an adequate reason, the presumption of discrimination "drops out of the picture," and the plaintiff must then try to establish the case by a preponderance of the evidence. *Reeves*, 530 U.S. at 143. Specifically, plaintiff must show that the defendant's reasons were pre-textual and the plaintiff must in fact be the victim of intentional discrimination. *Id.*

Here, the adverse employment decision criterion is not at issue since Mr. Moser's employment was terminated. Similarly, it is uncontested that at the time of his termination, Mr. Moser was 64 years old and was a member of the protected class. (Doc. 6, 2). Both parties have advanced competing legal positions regarding the third and fourth requirements for a prima facie case, but neither has done so compellingly.[11]

Because Moser alleges that DSI President Jim Inman ("Inman") informed him on or about August 3, 2012, that the company wanted to "find a younger person for [Moser's] position," Moser does not have to make out a prima facie case to survive Rule 12 scrutiny. Inman's alleged statement is direct evidence of a discriminatory animus and, therefore, gives rise to an inference of discrimination. The record does not establish whether Mr. Inman played an

---

[11] Mr. Moser asserts that at the time of his termination he was qualified for his position and met all legitimate expectations as Business Development Manager of Environmental and Geothermal Products. *Id.* However, DSI asserts that Mr. Moser failed to sufficiently allege facts supporting the contention that he was meeting legitimate job expectations or that he was replaced by a substantially younger person. (Doc. 11, 10-13). In July 2012, DSI specifically informed Mr. Moser that his "performance was unacceptable" and his pay was being reduced (Docs. 13, 2).

integral role in terminating Moser. However, the remarks made by Inman, as President of DSI, were undeniably related to the employment decision in question. Inman's statement both reflects directly on the alleged age discriminatory attitude and bears directly on the termination of Moser's employment. Based upon the facts alleged, it would be reasonable to infer that age played a role in Moser's termination. *See Hill*, 354 F.3d at 286. Consequently, this Court may make a "reasonable inference" that the statement had at least some determinative effect on Moser's termination. *See Sepulveda-Villarini,* 628 F.3d at 29. Accordingly, Moser has alleged facts sufficient to nudge his age discrimination claim across the line from merely conceivable to plausible and it shall withstand DSI's Motion to Dismiss.

### *North Carolina State Law Claim for Wrongful Discharge*

The North Carolina Equal Employment Practices Act ("NCEEPA") prohibits discrimination based on age as against public policy. Specifically, the statute provides that:

> [I]t is the public policy of this State to protect and safeguard the right and opportunity of all persons to seek, obtain and hold employment without discrimination or abridgement on account of race, religion, color, national origin, age, sex or handicap by employers which regularly employ 15 or more employees.

N.C. GEN. STAT. § 143- 422.2 (1977). Ordinarily, an employee without a definite term of employment is an employee at-will and may be discharged without reason." *Coman v. Thomas Mfg, Co*., 381 S.E. 2d 445, 446 (1989) (citing *Still v. Lance,* 182 S.E. 2d 403 (1971)). "North Carolina is an employment-at-will state." *Garner v. Rentenbach Constructors, Inc*., 515 S.E. 2d 438, 439 (1999). "Any exception to the at-will-employment doctrine should be adopted only with substantial justification grounded in compelling considerations of public policy." *Salter v. E & J Healthcare, Inc*., 575 S.E. 2d 46, 52 (2003).

The public policy exception referenced above is a very narrow exception to the employment-at-will doctrine. *Id.* In order to properly invoke the doctrine and state a claim for

unlawful discrimination, plaintiff must allege an "unlawful discharge." *Blair v. Randolph County Bd. of Educ.*, 713 S.E. 2d 793 (2011). The burden rests solely on the plaintiff to demonstrate that he was the victim of a protected discriminatory action. *See generally, Salter,* 575 S.E. 2d at 51 (asserting that for a claim of retaliatory termination, "the employee has the burden of pleading and proving that the employee's dismissal occurred for a reason that violates public policy.") North Carolina courts have routinely held that if a "plaintiff's ADEA claim fails, his [state] law claim for wrongful discharge on the basis of unlawful age discrimination also fails." *Rishel v. Nationwide Mut. Ins. Co.*, 297 F.Supp. 2d 854, 875 (M.D.N.C. 2003).

In the present action, Moser has alleged that his age was a motivating factor for his termination. Specifically, Moser asserts that the President of DSI informed him that the company wanted to hire a younger employee for his position and that it fired him accordingly. For the reasons discussed in the analysis of the ADEA age discrimination claim, Moser has alleged sufficient facts establishing direct evidence that age was a substantial or motivating factor in his termination. Because North Carolina has adopted the same standards of proof and burden shifting analysis in state law discrimination cases as in federal discrimination cases, *North Carolina Dep't of Corrections v. Gibson*, 301 S.E.2d 78, 82, 85 (N.C. 1983), and Moser alleges the same factual allegations to support both his ADEA age discrimination and state law claims, DSI is not entitled to dismissal of either claim. Thus, Moser's state law claim for wrongful discharge withstands DSI's Motion to Dismiss.

*ADEA Retaliation Claim*

Finally, Moser asserts that he was terminated in retaliation for filing a claim with the EEOC. An employer violates the ADEA by retaliating against an employee for engaging in protected activity. 29 U.S.C. § 623(d) (2000). The elements of a prima facie case of retaliation

are:

> First, the plaintiff engaged in a protected activity. Second, the employer took an adverse employment action against the plaintiff. Lastly, a causal connection existed between the protected activity and the adverse employment action.

*Williams v. Cerberonics, Inc.*, 871 F.2d 452, 457 (4th Cir. 1989).[12] Although the Supreme Court has not addressed the specific issue of causation required to establish liability for a Title VII retaliation claim, it has addressed the issue of causation, generally, involving employer discrimination. In *Gross,* the Court concluded that the ADEA requires proof that the prohibited criterion was the "but-for"[13] cause of the prohibited conduct. *See Gross v. FBL Fin. Servs. Inc.*, 557 U.S. 167 (2009). Moreover, while causation relies heavily on certain facts and circumstances of a case, "temporal proximity between the two events, an intervening pattern of retaliatory conduct, inconsistent reasons by the employer for the adverse action, and differential treatment of other employers," are pertinent factors to the causation element. *Jaudon v. Elder Health, Inc.*, 125 F.Supp.2d 153, 165 (D.Md. 2000) (decided at the summary judgment stage thus applying a different legal standard than Rule 12(b)(6)); *see also Williams*, 871 F.2d at 457 (recognizing temporal proximity as important factor).

Here, Moser maintains that DSI terminated his employment on October 12, 2012 based on his age and in retaliation for filing his initial EEOC claim. (Docs. 6, 3). DSI asserts that it terminated Moser because he was not meeting legitimate job expectations and his performance was "not acceptable." (Docs. 11, 8). Based on the facts asserted in the Complaint, a claim with the EEOC was filed on October 11, 2012 and a copy of it was "sent" to DSI on the same day.

---

[12] If the employee establishes a prima facie case, the employer may rebut it by presenting evidence of a legitimate, non-retaliatory reason for the adverse action. After the employer presents evidence of its legitimate, non-retaliatory reason, the burden shifts back to the employee to show that the employer's proffered reason is pre-textual. *Williams*, 871 F.2d at 457.

[13] See Footnote 5 for further explanation of "but-for" application.

(Docs. 13, 2). Applying *McDonnell Douglas*, Moser sufficiently alleges that he was engaged in a protected activity by the filing of his EEOC charge on October 11, 2012 and that DSI took an adverse employment action against him by terminating him on October 12, 2012. (Docs. 13, 2-3). The Court cannot conclude as a matter of law, even assuming all of Moser's factual allegations are true[14], that DSI was (or was not) aware of the charge before the termination. However, at this stage of the litigation, the close temporal proximity between the filing of the EEOC charge and Moser's discharge (*i.e.*, approximately twenty-four (24) hours) gives rise to a reasonable inference that DSI had constructive notice[15] of the protected activity prior to Moser's termination on October 12, 2012. Under these facts, the suspect timing advances Plaintiff Moser's factual allegation into the realm of plausibility. Accordingly, Moser's ADEA retaliation claim contains sufficient facts to survive DSI's Rule 12(b)(6) motion.

## *ORDER*

In conclusion, Moser has alleged facts sufficient to nudge his ADEA age discrimination, state law wrongful discharge, and ADEA retaliation claim across the line from merely conceivable to plausible and has given DSI fair notice of the claims against it as well as the grounds upon which those claims rest.

**IT IS THEREFORE ORDERED** that Defendant's Motions to Dismiss are **DENIED** in regards to Plaintiff's ADEA age discrimination, state law wrongful discharge and ADEA retaliation claim, respectively.

---

[14] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[15] *See Perkins v. Langdon*, 237 N.C. 159, 168 (1953) (general, where a party has information that is reasonably calculated to excite attention and to stimulate inquiry, the party is charged with constructive notice of all that reasonable inquiry would have disclosed).

Signed: October 21, 2013

Richard L. Voorhees
United States District Judge